UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAKISHA OGLETREE,<br><br>Plaintiff,<br><br>V.<br><br>WAYFAIR LLC,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, Lakisha Ogletree ("Plaintiff" or "Ms. Ogletree"), by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against the Defendant Wayfair LLC ("Defendant" or "Wayfair"), stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA).

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count II of this Complaint, which arises under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. (FMLA).

3. This Court has jurisdiction over the parties of this action because the employment practices described herein took place in Henry County, Georgia.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. Plaintiff received her Notice of Right to Sue from the Equal Employment and Opportunity Commission (EEOC) and files this Complaint within the ninety (90) days prescribed. *Exhibit 1*.

## II. PARTIES

6. Plaintiff is a citizen of the United States and a resident of Georgia.

7. Defendant is a corporation registered to conduct business in the State of Georgia.

8. Defendant may be served through its registered agent, Incorporating Services Ltd, located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076

9. Defendant employed fifty (50) employees or more within 75 miles at all times relevant to this lawsuit.

10. Defendant is subject to the requirements of the ADA and FMLA.

## III. FACTUAL ALLEGATIONS

11. Ms. Ogletree worked for Wayfair as an Operations Supervisor in McDonough, GA.

12. Ms. Ogletree's most recent performance evaluation was a "meets expectations" and she had no discipline prior to the events at issue herein.

13. On or around April 9, 2018, Ms. Ogletree applied for intermittent FMLA leave to care for her husband.

14. Ms. Ogletree's husband is disabled (systolic heart failure).

15. Ms. Ogletree's supervisor, Ms. Neeka Mack, was aware that Ms. Ogletree filed for FMLA leave to care for her disabled husband.

16. Wayfair did not respond to the FMLA application, so Ms. Ogletree followed up with Ms. Dafynei Hunt, a Human Resources (HR) representative for Wayfair, on or around May 3, 2018.

17. Ms. Hunt did not respond to Ms. Ogletree.

18. On or around July 4, 2018, Ms. Ogletree again followed up with Ms. Hunt.

19. Ms. Hunt told Ms. Ogletree that her FMLA leave had been approved.

20. Prior to Ms. Hunt communicating the FMLA leave approval to Ms. Ogletree on July 4, 2018, Ms. Ogletree did not know the status of her FMLA request.

21. On or around July 8, 2018, an employee named Mr. Larry Hooks injured himself on an Electric Power Jack (EPJ).

22. This injury was due solely to his negligence.

23. Upon information and belief, Mr. Hooks turned the EPJ at a 90 degree angle, which engaged the emergency brake function.

24. Because Mr. Hooks did not have his feet firmly planted on the machine, he fell off.

25. Ms. Ogletree is a certified instructor on the EPJ.

26. Ms. Ogletree understood that overturning the machine would cause the emergency break--or "lock out"-- function to engage.

27. Because she witnessed the incident, she knew immediately that this was a user error and not a malfunction.

28. Ms. Ogletree tended to Mr. Hooks and instructed him not to get up until his direct supervisor, Mr. Clayton Anderson, arrived at the scene.

29. After Mr. Anderson arrived, Ms. Ogletree began filling out an incident report.

30. Ms. Ogletree also instructed another associate, Mr. Darryl Wade, to retrieve the EPJ and take it to maintenance for inspection.

31. Mr. Anderson accompanied Mr. Hooks to a hospital as a precaution.

32. At 10:30 pm, Ms. Ogletree sent an email to all Senior Managers detailing the accident.

33. On July 12, 2018 Wayfair terminated Ms. Ogletree for allegedly mishandling the EPJ accident involving Mr. Hooks.

34. Prior to the termination meeting, no one with Wayfair spoke with Ms. Ogletree about how she handled the EPJ accident.

35. Upon information and belief, Mr. Anderson was not disciplined for his handling of the same EPJ accident.

36. Upon information and belief, Mr. Anderson did not need to take leave to care for a disabled relative.

37. Another supervisor employed by Wayfair, Mr. Tommy Luke, witnessed an associate injure himself on the job but did not complete an incident report.

38. Upon information and belief, Mr. Luke was not terminated.

39. Upon information and belief, Mr. Luke did not need to take leave to care for a disabled relative.

## IV. CLAIM FOR RELIEF

### COUNT I

### ADA DISCRIMINATION BY ASSOCIATION

40. Plaintiff incorporates by reference paragraphs 1-39 of her Complaint as if fully set forth herein.

41. Plaintiff was subject to an adverse employment action by virtue of her termination.

42. Plaintiff was qualified for her position as an Operations Supervisor.

43. Defendant was aware that Plaintiff needed leave to care for a relative with a disability.

44. The adverse action occurred under circumstances which raise a reasonable

inference that the disability of Plaintiff's relative was a determining factor in Defendant's decision.

## COUNT II

## FMLA RETALIATION

45. Plaintiff incorporates by reference paragraphs 1-44 of her Complaint as if fully set forth herein.

46. Plaintiff was qualified for her position as an Operations Supervisor.

47. Plaintiff engaged in protected activity when she applied and was approved for FMLA leave.

48. Plaintiff was subject to an adverse employment action by virtue of her termination.

49. The circumstances of Plaintiff's termination raise a reasonable inference of retaliation for her FMLA leave request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

   a. Trial by jury;

   b. A finding that Defendant violated Plaintiff's rights as set forth herein;

   c. Full back pay plus interest, front pay, liquidated damages, compensatory damages, punitive damages, reasonable attorney fees,

and costs in accordance with the ADA and FMLA; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 28th day of December, 2020.

                                      THE KIRBY G. SMITH LAW FIRM, LLC

                                        s/Kirby G. Smith
                                      Kirby G. Smith
                                      Georgia Bar No. 250119
                                      *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 28th day of December, 2020.

                      THE KIRBY G. SMITH LAW FIRM, LLC

                        s/Kirby G. Smith
                        Kirby G. Smith
                        Georgia Bar No. 250119
                        *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com